BOSTON AND WORCESTER RAILROAD CORPORATION *vs.* GEORGE
SPARHAWK & WIFE.

A party to a judgment cannot be permitted to impeach it collaterally, in equity, by proof
of mistake or fraud in the rendition thereof.

BILL IN EQUITY to restrain and enjoin the defendants from
pulling down and destroying a fence erected on the plaintiffs'
land, along the line of their railroad in the city of Boston, erected ·
there under the order and direction of the mayor and aldermen
of the city, for the security and protection of the trains of cars of
the complainants on their tracks, and of persons and property
generally, averring that the defendants had repeatedly pulled it
down, under a pretence that they owned the land on which
it was built, and that they had a right to do so. Upon the
filing of this bill a temporary injunction was granted. The
defendants made a very long answer, stating at length sun-
dry judgments and judicial proceedings, to which these parties,
or others to whom these parties were privies in estate, were
parties; and averring that those judgments or some of them, were
founded in error and mistake, in this, that the court were influ-
enced and governed in rendering such judgments, by surveys and
plans drawn and made by Stephen P. Fuller and other survey-
ors, verified and explained by the testimony of such surveyors;
that such surveyors adopted lines and boundaries erroneously in
making such surveys; and that the judgments founded on them
were erroneous.

To this answer the plaintiffs filed a general replication.

At the hearing, before *Shaw*, C. J., the plaintiffs, to support
their case, and especially to prove that they were the owners of
the land on which the fence in question was built by them,
offered in evidence a judgment of this court, rendered at March
term 1843, in favor of one Tolman against Sparhawk and wife,
for the recovery of land, embracing the premises on which the
fence in question was built; a conveyance of the same land by

Tolman to the plaintiffs, and a reconveyance of part of the land thus recovered to Sparhawk and wife, but not that part on which the fence was built. Whereupon the defendants proposed to offer evidence, and to prove by the testimony of Mr. Fuller, and otherwise, that the judgment of Tolman against them, as proved by the complainants, was founded in error and mistake, and was not binding on them. This being objected to by the complainants, the court ruled that the judgment of Tolman against Sparhawk and wife, so long as it remained unreversed, was binding and conclusive upon them; that they could not impeach it collaterally in a bill in equity, on proof of error or mistake in the rendition thereof; and therefore that the evidence offered was inadmissible.

No other defence being offered, the court held that the judgment of *Tolman* v. *Sparhawk & Wife*, and the conveyance by Tolman to the plaintiffs were proved; and that the plaintiffs were entitled to a decree making the injunction perpetual. The defendants appealed to the whole court.

*G. Sparhawk*, for the defendants.

*G. S. Hale*, for the plaintiffs, was not called upon.

By the Court. A party to a judgment cannot be permitted in equity, any more than at law, collaterally to impeach it on the ground of mistake or fraud, when it is offered in evidence against him in support of the title which was in issue in the cause in which it was recovered.

*Injunction made perpetual.*